**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alejandro MEDINA–HERNANDEZ,**
**Defendant—Appellant.**

No. 00–50106.

D.C. No. CR–99–02029–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2000.

Withdrawn from Submission
Nov. 15, 2000.

Resubmitted Nov. 27, 2001.

Decided Nov. 27, 2001.

Before CANBY, McKEOWN and
PAEZ, Circuit Judges.

### ORDER AND MEMORANDUM *

After oral argument in this appeal, we withdrew this case from submission and ordered supplemental briefing to address the effect on this case of our recent decision in *United States v. Ruiz*, 241 F.3d 1157 (9th Cir.2001). That briefing has been completed, and this case is ordered resubmitted for decision contemporaneously with the filing of this memorandum.

*Ruiz* controls this case, and requires that we vacate the sentence of Medina–Hernandez and remand for further pro-

ceedings.[1] Medina–Hernandez challenges the district court's refusal to grant a downward departure under U.S. Sentencing Guidelines Manual § 5K2.0 based on the prosecutor's having attached an unconstitutional condition to the offered plea bargain. That condition required waiver of rights to certain impeachment and affirmative-defense information to which Medina–Hernandez was entitled under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. We may review the refusal to depart to ensure that it "was not guided by erroneous legal conclusions." *United States v. Davis*, 264 F.3d 813, 815 (9th Cir.2001) (quoting *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)); *see also Ruiz*, 241 F.3d at 1161–63.

We conclude that *Ruiz* controls the merits of this appeal. *Ruiz* establishes that the condition was unconstitutional. *See Ruiz*, 241 F.3d at 1163–67.

The government contends that Medina–Hernandez, unlike Ruiz, was not otherwise eligible for the "fast-track" downward departure, but the record indicates that the district court based its ruling on Medina–Hernandez's refusal to accept the condition of the plea agreement. The district court stated that the condition "was not an improper nor unethical nor unconstitutional paragraph for the government to insert in its tendered plea agreement and, *therefore*, [the court] declines to depart downward on the basis of 5K2 *for that reason*." (Emphasis added). On this record, Medina–Hernandez is entitled to a hearing and to the district court's consideration of relief for the prosecution's unconstitutional action. *See id.* at 1169.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Medina–Hernandez has completed service of his fifteen-month sentence of imprisonment, but remains subject to a three-year period of supervised release.

The sentence of Medina–Hernandez is vacated and the matter is remanded to the district court for further proceedings consistent with *Ruiz* and this memorandum.

**SENTENCE VACATED; REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.