UNITED STATES of America,
Plaintiff—Appellee,

v.

Luis FLORES–LOPEZ, Defendant—
Appellant.

No. 01–10288.
D.C. No. CR–01–00151–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge,
TROTT, and PAEZ, and, Circuit Judges.

MEMORANDUM **

Luis Flores–Lopez appeals the sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2).

Flores–Lopez contends that the district court failed to consider his request for a downward departure in his sentence based on an overrepresented criminal history. We have "clearly stated that '[t]he court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart.'" *United States v. Davoudi*, 172 F.3d 1130, 1134 (9th

Cir.1999) (quoting *United States v. Garcia–Garcia*, 927 F.2d 489, 491 (9th Cir. 1991)). Here, the district court listened to defendant's argument supporting his request for a downward departure, and then proceeded to sentence Flores–Lopez without granting the departure. We assume that the district court assumed it had the authority to depart, but simply declined to exercise its discretion to do so. *United States v. Davis*, 264 F.3d 813, 816 (9th Cir.2001). We lack jurisdiction to "review a district court's discretionary decision refusing to depart from the Sentencing Guidelines." *Id.*

**DISMISSED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

