**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon MORENO–ESPINOZA,**
**Defendant–Appellant.**

No. 00–30405.
D.C. No. CR–00–05057–RJB.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Ramon Moreno–Espinoza appeals his 37–month sentence imposed following conviction by guilty plea to possession of a listed chemical, in violation of 21 U.S.C. § 841(d) and 18 U.S.C. § 2.

Moreno–Espinoza contends that the district court erred by failing to find that his behavior was aberrant, and therefore a permissible ground for departure pursuant to U.S.S.G. § 5K2.20. We review de novo a district court's interpretation and application of the Sentencing Guidelines, *see United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir.1999), but we do not have jurisdiction to review a discretionary denial of a downward departure. *See United States v. Davis,* 264 F.3d 813, 815 (9th Cir.2001).

The district court here considered the evidence presented in connection with Moreno–Espinoza's request for a downward departure, and concluded, based on the totality of the circumstances, that his was not an appropriate case for downward departure. Because there is no indication that the district court rested its decision on the view that it could not, as a matter of law, depart, we lack jurisdiction to review the district court's decision. *See Davis,* 264 F.3d at 817.

Moreno–Espinoza next contends that the district court erred by failing to grant a "safety valve" reduction pursuant to U.S.S.G. §§ 5C1.2 and 2D1.1.[1] His contention, however, fails because he pleaded guilty and was sentenced pursuant to U.S.S.G. § 2D1.11, which renders him ineligible for the safety valve reduction, and he was not subject to a mandatory minimum under 21 U.S.C. § 841(d)(2). *See, e.g., Jeter,* 236 F.3d at 1035. Accordingly, the district court did not err in determining that Moreno–Espinoza was not eligible for the "safety valve" reduction.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. U.S.S.G. § 2D1.1 provides for a two-level decrease if the defendant meets the criteria set forth in U.S.S.G. § 5C1.2, and his offense level is 26 or greater. *See, e.g., United States v. Jeter,* 236 F.3d 1032, 1035 (9th Cir.2001).