UNITED STATES of America,
Plaintiff—Appellee,

v.

Michael DeWayne WILLIAMS,
Defendant—Appellant.

No. 01–10459.

D.C. No. CR–00–00403–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2002.*

Decided March 22, 2002.

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Michael DeWayne Williams pled guilty to the charge of being a felon·in possession of a firearm in violation of U.S.C. § 922(g)(1). Pursuant to a plea agreement, Williams waived his right to appeal his conviction and sentence, but purported to reserve the right to appeal a denial of a motion for downward departure based on the over-representation of his criminal history. The district court denied Williams' motion for a downward departure and sentenced him to 77 months' imprisonment.

Williams contends on appeal that the district court abused its discretion by failing to depart downward from the United States Sentencing Guidelines. We, however-

er, lack jurisdiction to review a district court's discretionary refusal to depart downward, unless that refusal was based on the district court's erroneous conclusion that it lacked the authority to depart. See *United States v. Davis,* 264 F.3d 813, 815 (9th Cir.2001); *United States v. Morales,* 898 F.2d 99, 101–02 (9th Cir.1990). Here, the district court clearly indicated that it had discretion to depart downward, and that it was declining to do so. Accordingly, we lack jurisdiction to entertain this appeal.

The government concedes that the plea agreement erroneously conferred on Williams the right to appeal the district court's discretionary refusal to depart from the Sentencing Guidelines. If that error undermined the voluntariness of Williams' plea, the appropriate remedy is for Williams to move to set aside his conviction and sentence under 28 U.S.C. § 2255.

APPEAL DISMISSED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.