**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel RAMIREZ–BUSTAMANTE,**
**Defendant–Appellant.**

**No. 01–50565.**

**D.C. No. CR–99–00014–RT–01.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002 *.

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Manuel Ramirez–Bustamante appeals the 41–month sentence imposed following his guilty-plea conviction for reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Ramirez–Bustamante contends that the district court erroneously determined that it lacked authority to depart from the Sentencing Guidelines for reduced mental capacity under § 5K2.13. Ramirez–Bustamante alleges that this error resulted from the district court's failure to 1) consider factors other than his record of arrests and convictions, and 2) make a precise and fact-specific determination, as required by *United States v. Cantu*, 12 F.3d 1506, 1516 (9th Cir.1993). We review for abuse of discretion a district court's decision regarding departure, *see United States v. Davis*, 264 F.3d 813, 815 (9th Cir.2001), and find none.

The district court's consideration of Ramirez–Bustamante's psychiatric reports, arguments from his counsel regarding future treatment, and Ramirez–Bustamante's likely circumstances upon release from incarceration, satisfied any individualized determination requirement pursuant to *Cantu*. *See Cantu*, 12 F.3d at 1516;

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Davis,* 264 F.3d at 815–16. Once the district court considered these factors and determined that Ramirez–Bustamante's criminal history indicated a need for incarceration to protect the public, it correctly found that it lacked authority to grant a departure under § 5K2.13 for reduced mental capacity. *See Davis* at 816.

Ramirez–Bustamante's claim based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.), *cert denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.