**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jorge REYES–CASTRO, Defendant—
Appellant.**

No. 02–50165.
D.C. No. CR–01–03433–MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 20, 2002.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

### MEMORANDUM**

Jorge Reyes–Castro appeals the 6–month sentence imposed following his guilty plea conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm in part and dismiss in part.

Reyes–Castro contends that the district court erred by declining to grant a downward departure for aberrant behavior. A district court's discretionary refusal to depart from a prescribed sentencing guideline range is unreviewable on appeal unless the district court rested its decision on an erroneous belief that it lacked the authority to do so. *United States v. Davis*, 264 F.3d 813, 815 (9th Cir.2001). Because the district court properly exercised its discretion, we lack jurisdiction to review this issue. *Id.*

Reyes–Castro also contends that the district court erred by failing to recognize its authority to grant a fast-track departure absent government consent. Notwithstanding Reyes–Castro's assertion to the contrary, the record demonstrates that the district court recognized its authority to depart, but exercised its discretion not to do so based on the facts and circumstances of Reyes–Castro's case. Accordingly, we lack jurisdiction to review this issue. *See id.*

Reyes–Castro's contention that sections 841 and 960 are facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decisions in *United States v. Buckland*, 289 F.3d 558

(9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002) and *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–1111 (9th Cir.2002).

Reyes–Castro's contention that the district court should have dismissed the indictment because it failed to allege mens rea as to quantity and type of controlled substance is foreclosed by *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* did not change the long-established rule that the government need not prove that the defendant had knowledge of the type and amount of controlled substance).

**AFFIRMED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.