**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Luis GOMEZ–GARCIA, et al., Defendants—Appellants.**

No. 02–50003.

D.C. No. CR–01–00279–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 27, 2002.[*]

Decided Feb. 26, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

MEMORANDUM **

Jose Luis Gomez–Garcia appeals from his sentence following his guilty plea to conspiracy to harbor and conceal illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v), and harboring and concealing illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Gomez–Garcia claims the district court abused its discretion when it increased his offense level by two levels under U.S.S.G. § 2L1.1(b)(5) (2000). *See United States v. Angwin,* 271 F.3d 786, 808 (9th Cir.2001) (as amended), *cert. denied,* 535 U.S. 966, 122 S.Ct. 1385, 152 L.Ed.2d 375 (2002) (appellate court reviews for abuse of discretion district court's application of § 2L1.1(b)(5) upward adjustment to facts of case). The guideline provides for a two-level increase when harboring an illegal alien "involved intentionally or recklessly creating a substantial risk of death or serious bodily injury." The garage in which sixty-three illegal aliens were locked gave each person only five feet by two feet of floor space. The lock on the garage door was installed in a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**58**

reverse position so that it could not be disassembled from the inside and no key was found inside the garage. The windows were barred and no exit from the garage was otherwise available. It was not an abuse of discretion to conclude that these extremely crowded conditions in a locked garage presented a risk of death or injury.

■ Gomez–Garcia claims he was a minor participant, and so deserved a two-level decrease under U.S.S.G. § 3B1.2. The district court found he was as culpable as most of the other participants. This was not clear error. *See United States v. Pena–Gutierrez*, 222 F.3d 1080, 1091 (9th Cir.2000) (not clear error to deny minor participant adjustment where facts show defendant was repeat offender who received compensation, and defendant was not "substantially less culpable" than most other participants). Gomez–Garcia guarded the aliens and kept records; he lived in the house next to the garage; and he received weekly compensation. Most of the other defendants were similarly involved.

■ Gomez–Garcia argues that he should have received an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2), because his guilty plea was timely. The district court did not clearly err in denying Gomez–Garcia the additional reduction. He did not plead guilty until the morning of the first day of trial, one month after the denial of his suppression motion[1] and after the government had completed trial preparation. *See United States v. Kimple*, 27 F.3d 1409, 1413 (9th Cir.1994) (as amended) (defendant who waits until eve of trial to plead guilty not entitled to additional reduction).

■ Finally, we do not have jurisdiction to review the district court's discretionary decision not to depart downward for aberrant behavior. *See United States v. Davis*, 264 F.3d 813, 817 (9th Cir.2001).

AFFIRMED.

---

**1.** As Gomez–Garcia acknowledges in his reply brief, we do not have jurisdiction to review the denial of his motion to suppress, because

he did not enter a conditional guilty plea. *See United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997).