**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rueben Nathaniel McDOWELL, Defendant—Appellant.**

No. 02–30231.

D.C. No. CR–01–00124–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Rueben Nathaniel McDowell appeals the sentence imposed after his guilty-plea conviction to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841. We dismiss for lack of jurisdiction.

At sentencing, McDowell requested a downward departure because he had been incarcerated for a related state drug felony conviction and because of his extraordinary post-offense rehabilitation. Although the district court did not depart on these grounds, it did expressly take them into account in sentencing McDowell to the low-end of the guideline range.

McDowell contends on appeal that his sentence should be vacated because the district court did not explicitly decline to depart from the Sentencing Guidelines on these two grounds. He argues that the district court's silence on this issue should be treated the same as if it concluded that it lacked the power to depart. This argument is foreclosed by our decision in *United States v. Garcia–Garcia*, 927 F.2d 489, 491 (9th Cir.1991) (holding that "[u]nder these circumstances we will assume that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case."). Thus, we lack jurisdiction to review the district court's discretionary decision (even if implicitly made) not to depart from the Sentencing Guidelines. *United States v.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Davis,* 264 F.3d 813, 816–17 (9th Cir.2001); *see also United States v. Ladum,* 141 F.3d 1328, 1344 (9th Cir.1998).

**DISMISSED.**