**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio Andrew SMITH, Defendant–Appellant.**

**No. 01–50006.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Filed June 4, 2003.

Emily S. Uhrig, Deputy Public Defender, Los Angeles, California (briefed); Elizabeth A. Newman, Deputy Public Defender, Los Angeles, California (argued); for defendant-appellant Antonio Andrew Smith.

Andrew Cowan, Assistant United States Attorney, Los Angeles, California; for plaintiff-appellee United States of America.

Before: THOMPSON, RAWLINSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

RAWLINSON, Circuit Judge:

This appeal assigns as error the district court's conclusion that the restriction in U.S.S.G. § 5K2.13 precluded a downward departure despite the existence of the extraordinary circumstances surrounding the defendant's mental condition. Because the district court properly interpreted the sentencing guidelines, we AFFIRM.

## BACKGROUND

Antonio Andrew Smith ("Smith") pled guilty to unarmed bank robbery in violation of 18 U.S.C. § 2113(a). In its Presentence Report ("PSR"), the United States Probation Office ("Probation") calculated Smith's total offense level at 21, with a criminal history category of VI, resulting in a sentencing guideline range of seventy-seven to ninety-six months. Smith filed a sentencing memorandum, under seal, requesting that the district court depart downward based upon his mental state at the time of the offense, including pathological personality traits; chronic depression; and drug and alcohol addiction. Smith asserted that he suffered from "unique mental and emotional conditions at the time of the offense which were present to an extraordinary degree." Smith referred to his mother's severe psychological condition, his alcoholic father, and childhood neglect. Smith contended that the bank robbery was an "impulsive act" brought on by an unrealistic expectation that his family would meet him when he was released from prison; a return to alcohol and drug addiction; and suicidal thoughts of the police shooting him during the bank robbery. Smith offered the opinion of Rebecca L. Crandall, a psychiatrist, to support his arguments.

A sentencing hearing was held on October 30, 2000. The district court made the following ruling:

I do find based upon the report that I have read, Dr. Crandall's report, that this is an extraordinary case considering all the cases that the court has seen, the facts and circumstances surrounding those. Under *Koon,* I do think it is extraordinary.

However, the court feels that the court cannot depart downward based upon the fact that section 5H1.3 refers the court to chapter 5, point—part K, Subpart 2. And the only section there that would seem applicable is the diminished capacity.

Diminished capacity sets forth the factors that would qualify one for a departure. And the court would find defendant just doesn't meet those factors.

. . .

So, again, the court finds that the court is precluded from departing, even having found it's an extraordinary case, considering the factors—or considering 5K2.13.

. . .

Under the section that the defense argues, the 5H section, but for the fact that there is a link between that section and 5K2.13, because of the link, the court finds that the court is precluded from departing since the defendant doesn't meet the requirements that are set forth therein.

. . .

So, I am not departing because I feel that I am precluded from doing so based upon the 5K2.13 section.

The court sentenced Smith to a term of seventy-seven months imprisonment. Smith filed a timely notice of appeal.

## DISCUSSION

Smith filed his notice of appeal after the district court announced sentence but before entry of judgment. In this circumstance, the notice of appeal is timely because it is deemed filed on the date the court entered judgment. *See United*

*States v. Aguirre*, 214 F.3d 1122, 1124 n. 1 (9th Cir.2000).

■ Smith posits that the district court erred when it concluded that the restrictions in U.S.S.G. § 5K2.13 precluded the court from departing downward despite the existence of "extraordinary circumstances" surrounding Smith's mental condition. We review the legality of a sentence de novo. *See United States v. Reyes–Pacheco*, 248 F.3d 942, 945 (9th Cir. 2001).

■ The district court's interpretation of the United States Sentencing Guidelines ("U.S.S.G.") is reviewed de novo and its factual findings in the sentencing phase are reviewed for clear error. *United States v. Johansson*, 249 F.3d 848, 858 (9th Cir.2001). The district court's application of the Guidelines to the facts of a particular case is reviewed for an abuse of discretion. *Id.* We generally lack jurisdiction to review a district court's refusal to grant a discretionary downward departure, except when the district court erroneously indicates that it lacks authority to depart. *United States v. Eyler*, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).

■ The district court correctly concluded that Smith did not meet the requirements for a downward departure pursuant to U.S.S.G. § 5K2.13.[1] Section 5K2.13 forbids downward departures based on reduced mental capacity "if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public." The district court appropriately found that: 1) voluntary use of drugs was a contributing factor to Smith's reduced mental capacity; 2) Smith's crime of bank robbery reflected a future need to protect the public because of the serious threat of violence involved; and 3) Smith's criminal history also indicated a need to incarcerate Smith to protect the public. *See United States v. Davis*, 264 F.3d 813, 815–16 (9th Cir.2001).

Smith nonetheless contends that the district court erred when it declined to depart downward under U.S.S.G. § 5K2.0. Smith asserts that notwithstanding the limitations elucidated in § 5K2.13, § 5K2.0 holds out a "catchall" opportunity for departure.

Section 5K2.0 permits the imposition of a sentence out-side the range established by the applicable guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, *not adequately taken into consideration by the Sentencing Commission in formulating the guidelines* that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (2000) (quoting 18 U.S.C. § 3553(b)) (emphasis added).

The United States Supreme Court's decision in *Koon v. United States*, 518 U.S.

---

1. Section 5K2.13 provides:

A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

U.S.S.G. § 5K2.13 (2000).

81, 96–97, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), clarified the discretion a district court retains, following promulgation of the Sentencing Guidelines, to fashion a sentence in view of the peculiar facts of each case. Post-*Koon*, at least one circuit court has specifically considered and rejected the availability of a downward departure under § 5K2.0 for a defendant whose mental condition does not fall within the parameters of § 5K2.13. In *United States v. Thames*, 214 F.3d 608 (5th Cir. 2000), the defendant, who was also a convicted bank robber, sought a downward departure "based upon . . . his mental condition . . ." *Id.* at 614. Referring to § 5K2.13, the Fifth Circuit noted that "[a] defendant's mental condition may, under certain circumstances, provide grounds for departing from the guidelines." *Id.* That court also described § 5K2.13 as "the guideline's specific attempt to take into consideration a defendant's mental condition . . ." *Id.* As is the case with Smith, the defendant in *Thames* was ineligible for a downward departure under § 5K2.13 because the bank robbery of which he was convicted was determined to be a "crime of violence." *Id.* at 614–15.

▪ Smith argues that he committed the bank robberies because he suffered from "unique mental and emotional conditions at the time of the offense which were present to an extraordinary degree." Section 5K2.13 provides that a "sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity." The language of § 5K2.13 is not limited to mild mental incapacity. The fact that Smith's mental condition may have been present to an "extraordinary degree" does not negate the applicability of § 5K2.13. *See United States v. Cantu*, 12 F.3d 1506, 1513 (9th Cir.1993) (recognizing the applicability of § 5K2.13 "no matter what the nature or

severity" of the mental condition at issue) (citation omitted).

Tellingly, the Commentary to § 5K2.13 defines "significantly reduced mental capacity" as "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." Section 5K2.13 addresses both cognitive and volitional mental impairments, whatever their degree, which together adequately take into consideration Smith's mental condition as a contributing cause of the bank robbery.

The Fifth Circuit recognized that § 5K2.0 "provides that a district court may also depart from the guidelines when there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." *Thames*, 214 F.3d at 615 (citation, internal quotation marks and ellipsis omitted). Relying upon the pre-*Koon* Third Circuit case of *United States v. Rosen*, 896 F.2d 789 (3rd Cir.1990), the Fifth Circuit Court of Appeals definitively declared "that the guidelines have already adequately taken into consideration a defendant's mental capacity with [sic] § 5K2.13, and thus § 5K2.0 is inapplicable . . ." *Id.*

▪ We agree with the Fifth Circuit's analysis of this issue. We are persuaded by the logic of the Fifth Circuit's reasoning and favorably influenced by an abiding principle of statutory construction—giving full effect to each part of a promulgation. *See Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1175 (9th Cir.2002); *see also United States v. Soberanes*, 318 F.3d 959, 964 n. 4 (9th Cir.2003) (treating sentencing guidelines as a statute for interpretation purposes). Interpreted as requested by Smith, § 5K2.0 would eviscerate § 5K2.13 and thwart the Guidelines'

advisedly constructed sentencing schematic. We hold, as did our sister circuit "that the district court was, indeed, without authority to grant a downward departure in [Smith's] sentence based upon his mental condition." *Thames,* 214 F.3d at 615.

Our pre-*Koon* precedent does not compel a different result. In *United States v. Christensen,* 18 F.3d 822, 826 n. 8 (9th Cir.1994), we noted that if a "mental illness qualified as an extraordinary case," the district court "would be authorized to depart downward under U.S.S.G. §§ 5H1.3 and 5K2.0." However, in *Christensen,* we explicitly recognized that no ruling on the district court's departure authority pursuant to § 5K2.0 was required. As a result, in *Christensen* we did not confront, analyze, or resolve the interplay between §§ 5K2.0 and 5K2.13. Accordingly, we are not bound by *Christensen's* summary notation. *See Estate of Magnin v. Commissioner of Internal Revenue,* 184 F.3d 1074, 1077 (9th Cir.1999).

*Davis,* a post-*Koon* decision, might at first blush also be construed as holding that the sentencing court has discretion to depart downward pursuant to 5K2.0 based upon the existence of an extraordinary mental condition. In *Davis,* the defendant argued that the district court erred by holding that it lacked discretion to depart downward for a significantly reduced mental condition under § 5K2.0. 264 F.3d at 816. Because "the [district] court was silent with regard to its authority to depart under 5K2.0," we concluded that the "district court held or assumed that it had authority, but simply declined to exercise its discretion to depart under § 5K2.0." *Id.* at 816–17. We then dismissed the appeal for lack of jurisdiction, treating the district court's assumed exercise of its discretion as unreviewable. *Id.* at 817.

Our focus in *Davis* was on whether "the court's silence regarding authority to depart is ... sufficient to indicate that the court believed it lacked power to depart." *Id.* at 816–17. (citation and alteration omitted). We did not grapple with the thornier issue of whether the district court's finding that the defendant did not fall within the parameters of § 5K2.13 deprived it of discretion to depart downward pursuant to § 5K2.0.

If we now faced the issue of the court's implicit exercise of its discretion to depart downward, our decision in *Davis* would serve as a welcome guiding light. However, because we must resolve an issue that *Davis* did not explore, we must blaze our own path. *See Fifteenth RMA Partners, L.P. v. Pacific/West Communications Group, Inc. (In re Pacific/West Communications Group, Inc.),* 301 F.3d 1150, 1154 (9th Cir.2002) (distinguishing a prior case where the precise issue was not "examined").

## CONCLUSION

The district court conformed to the dictates of the United States Sentencing Guidelines when it held that it lacked discretion to depart downward pursuant to 5K2.0, after determining that Smith did not qualify for a downward departure under § 5K2.13. We are persuaded by the logic articulated by the Fifth Circuit in *Thames,* and see no need to create an unwarranted circuit split on the issue presented in this case.

**AFFIRMED.**