**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kelly M. CLOUGH, Defendant–
Appellant.**

**No. 02–30316.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 2004.

Filed Feb. 25, 2004.

Stephen R. Hormel, Federal Defender, Spokane, WA, for the defendant-appellant.

S. Frederick Winiker, Assistant United States Attorney, Spokane, WA, for the plaintiff-appellee.

Before: HUG, GRABER, and CLIFTON, Circuit Judges.

CLIFTON, Circuit Judge:

Defendant Kelly M. Clough appeals his conviction and sentence for unlawful possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Clough argues that the district court erred when it refused to compel the United States to fulfill an alleged promise to forego bringing federal firearms charges after Clough dealt with state charges arising from the same incident. In addition, Clough contends that the district court erred in concluding that it did not have the discretion to consider whether a downward departure was warranted on the basis that Clough suffered significant injuries when police shot him. Because we conclude that the United States and Clough never agreed on the terms of the agreement, we affirm the conviction. We hold, however, that the district court did have discretion to consider whether a downward departure was warranted and thus remand this case for resentencing.

## I. BACKGROUND

In March 2001, police officers shot Clough twice after he approached them with a shotgun. Clough was arrested after the incident, and the State of Washington filed charges.

In June 2001, soon after state charges had been filed, an Assistant United States Attorney contacted Clough's attorney in order to discuss the possibility that federal firearm charges would also be filed against Clough. The substance of this conversation, however, is not entirely clear, and it is disputed whether an agreement was reached between the United States and Clough.

Clough eventually pleaded guilty to a state charge of Second Degree Assault and, in return, the State dismissed firearm charges as well as a firearm enhancement

under state law. Neither the state plea agreement nor the statement of defendant on plea of guilty made any mention of federal charges or immunity from federal charges. At no point did the state prosecutor negotiate with Clough concerning federal charges or make promises concerning federal charges.

After Clough pleaded guilty to the state charge, the United States charged Clough with possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). Clough moved the district court to compel specific performance of the United States' alleged oral agreement to refrain from federal prosecution based on his guilty plea in state court. After the district court denied Clough's motion for specific performance, Clough entered a conditional guilty plea to violating 26 U.S.C. § 5861(d) whereby he maintained his right to appeal the district court's denial of his motion.

Prior to Clough's federal sentencing, the district court gave notice of the court's intent to consider whether the injuries sustained by Clough when police shot him warranted a departure from the relevant guidelines range. Clough stated that as a result of the shooting, he had lost feeling in three of his fingers and suffered permanent scarring. Clough also argued that the shooting was a form of continuing punishment imposed by the state. After hearing argument from both parties, the court held:

> I think that the Guidelines Commission has not dealt with this circumstance, and so it's something that has not been considered by the guidelines.... I tend to think, as a matter of law, that the Court could not depart.... So I'm finding I don't have the discretion, which, if I do, then the matter will be remanded to me for that purpose, because I think factually, the injuries are significant and will always be there and they have a rele-

> vance to this particular individual, which, if I had the discretion, then it would be something that I would further pursue. I'm not saying what I would do if I had the discretion because I don't have to get there. I don't think I have discretion.

The court proceeded to sentence Clough without departing from the guidelines range, and Clough appealed.

## II. DISCUSSION

### A. Sentencing

 Clough argues that the district court erred when it concluded that it did not have discretion to consider whether his injuries were an appropriate basis for departure. When a district court rules that it does not have the discretion under the guidelines to depart on a particular ground, this court reviews that determination de novo. *United States v. Smith*, 330 F.3d 1209, 1212 (9th Cir.2003), *cert. denied*, — U.S. ——, 124 S.Ct. 1096, 157 L.Ed.2d 927 (2004).

In *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Supreme Court outlined the proper inquiry that a district court must conduct whenever it considers making a sentencing departure:

> 1) What features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case?
> 2) Has the Commission forbidden departures based on those features?
> 3) If not, has the Commission encouraged departures based on those features?
> 4) If not, has the Commission discouraged departures based on those features?

*Id.* at 95–96, 116 S.Ct. 2035 (internal quotation marks omitted). *Koon* added:

> [A] federal court's examination of whether a factor can ever be an appro-

priate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor. If the answer to the question is no ... the sentencing court *must* determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline.

*Id.* at 109, 116 S.Ct. 2035 (emphasis added). Therefore, according to *Koon*, a district court must consider all factors as a potential basis for departure unless the Commission has specifically proscribed such consideration.[1]

We note at the outset that the Sentencing Guidelines do not directly address the issue of whether being shot by police during the commission of a crime warrants a downward departure. The most relevant Guideline provision states only that "extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." U.S. Sentencing Guidelines Manual § 5H1.4. Clough's request for downward departure, however, is not based solely on the notion that he is so physically impaired that a lower sentence is warranted. Rather, his request for downward departure is based on the additional premise that the shooting and the injuries that were sustained have been a continuing form of punishment for him.

Although the Sentencing Guidelines are silent on this issue as well, the District of Columbia Circuit has hinted that being

shot by law enforcement personnel could theoretically constitute punishment and thus justify a reduced sentence. In *United States v. Mason*, 966 F.2d 1488, 1496 (D.C.Cir.1992), the court ultimately held that the defendant's being shot by other *criminals* did not justify a downward departure.[2] Notably however, the *Mason* court reached this conclusion only after distinguishing the shooting of the defendant from "just punishment." *Id.* The court held in relevant part:

> Nor does the shooting authorize a downward departure in order to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A) (instructing sentencing court to consider need "to provide just punishment for the offense"). No representative of the government acting for society shot [the defendant]. The shooting was not *punishment* ....

*Id.* (emphasis in original).

We similarly recognize that it is theoretically possible that being shot by law enforcement personnel can constitute punishment, thus allowing a court to fashion a reduced sentence. More importantly, because the Commission has not "proscribed, as a categorical matter, consideration of [this] factor" for downward departure, *Koon*, 518 U.S. at 109, 116 S.Ct. 2035, and because the Commission has also not discouraged consideration of this factor, the district court should conduct the inquiry outlined in *Koon* in determining whether or not a departure was warranted in Clough's particular case.

---

1. The enactment of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108–21, 117 Stat. 650, 670, overruled in part the holding of *Koon*. Specifically, the PROTECT Act changed our standard of review for a district court's decision to depart from the Guidelines. *See United States v. Leon*, 341 F.3d 928, 931 (9th Cir. 2003); *United States v. Alfaro*, 336 F.3d 876, 880 (9th Cir.2003). The PROTECT Act did

not, however, alter the district court's obligation to consider a factor as a potential basis for departure unless otherwise proscribed from doing so.

2. *Mason* was decided in 1992 and preceded the Supreme Court's decision in *Koon*, which stated that only the Commission can categorically proscribe consideration of a factor for departure.

The United States concedes that the district court erred in announcing that it could not review this factor as a ground for departure, but argues that remand is nonetheless unnecessary because that error was harmless and did not affect Clough's sentence. *See United States v. Mendoza,* 121 F.3d 510, 513–14 (9th Cir. 1997) (holding that "[a] district court's error in application of the Guidelines is subject to harmless error analysis, and no remand is required if 'the error did not affect the district court's selection of the sentence imposed' ") (quoting *Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)).

The argument that the district court's error was harmless is contradicted by the district court's prophetic observation that if we should happen to remand this matter for resentencing, it would be willing to "further pursue" the possibility that a downward departure is warranted in light of Clough's significant injuries. Judging from these statements, we believe that Clough's sentence may have been different had the court known it had the discretion to grant a departure from the Guidelines' heartland. Accordingly, we vacate the sentence and remand this matter for resentencing on an open record—that is, without limitation on the evidence that the district court may consider. *See United States v. Matthews,* 278 F.3d 880, 885 (9th Cir.) (en banc) (ruling that as a general matter, if a district court errs in sentencing, we remand for resentencing on an open record), *cert. denied,* 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002).

In so holding, we express no opinion as to whether a downward departure is actually warranted under these circumstances.

B. The Alleged Agreement

■ Clough contends that the district court also erred when it refused to compel the United States to perform its end of its alleged agreement with Clough. According to Clough, this agreement obligated the United States to forego federal charges after Clough pleaded guilty to the state assault charge. We analyze Clough's claims pursuant to "the fundamental rule that plea agreements are contractual in nature and are measured by contract law standards." *United States v. Clark,* 218 F.3d 1092, 1095 (9th Cir.2000) (internal quotation marks and alteration omitted).

After a close examination of the record, we conclude that the parties never entered into a binding agreement. The testimony of Clough's attorney and the declaration of the Assistant United States Attorney reveal that the parties never agreed on any definite terms. They may have thought there was some understanding, but they had clearly different concepts of what the understanding was. That is not enough to establish an enforceable agreement. We therefore hold that the district court correctly refused to grant Clough's motion to compel and, accordingly, affirm Clough's conviction for unlawful possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).

### III. CONCLUSION

The district court's denial of Clough's motion to compel the United States to refrain from prosecution is affirmed. The district court's conclusion that it did not have the discretion to consider whether the police shooting of Clough warranted a downward departure is reversed and the case is remanded for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**