## UNITED STATES of America, Plaintiff—Appellee,

v.

## Michael Charles COOK, Defendant—Appellant.

No. 03–50128.

D.C. No. CR–01–01222–GAF–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided May 20, 2004.

350 F.3d 845, 849 (9th Cir.2003).

Erik M. Silber, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before RYMER and GRABER, Circuit

Judges, and MOLLOY,* Chief District Judge.

## MEMORANDUM**

Michael Charles Cook appeals his jury conviction and sentence for one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of armed robbery, in violation of 18 U.S.C. § 2113(a) & (d). We affirm, except for Cook's restitution claim, which is reversed and remanded for resentencing on that issue alone.

### I

■ The district court did not abuse its discretion in refusing to accept a plea for which the defendant did not admit all the elements. A judge may not accept a plea for which there is not strong factual support. Fed.R.Crim.P. 11; *United States v. King*, 257 F.3d 1013, 1022 (9th Cir.2001). Defendant Cook disavowed the crucial element of the armed robbery count, that he possessed some type of firearm. Therefore, the district court did not abuse its discretion in determining that the record as it stood at the time of Cook's change of plea colloquy did not contain sufficiently strong or unequivocal evidence of guilt. *United States v. O'Brien*, 601 F.2d 1067, 1069 (9th Cir.1979).

### II

■ The district court did not abuse its discretion in keeping the defendant handcuffed during his sentencing. *Spain v. Rushen*, 883 F.2d 712, 716–17 (9th Cir. 1989). Even if, for the sake of argument, there were a constitutional right to be free of handcuffs before a sentencing judge,

any hypothetical error was harmless here. *Duckett v. Godinez*, 67 F.3d 734, 739 (9th Cir.1995). The defendant had previously appeared before the district court uncuffed, but security considerations at his sentencing warranted that he remained cuffed. The judge had seen the defendant entering and leaving the courtroom previously in handcuffs and is presumed not to be swayed by that sight. The judge is not required to state all reasons for the shackling on the record. *Id.*, at 749 n. 7. In this case, the court's consideration of the needs of the marshals, the previous order of detention for Cook, and the lack of any identifiable prejudice makes the judge's determination a fair use of his discretion.

### III

The court did not clearly err in finding that Cook perjured himself and therefore obstructed justice. Based on the evidence presented at trial and Cook's statements to the police and then to the court at his change of plea hearing, the district court concluded that Cook lied during the prosecution of his case. Based on this determination, the court concluded that a sentence enhancement for obstruction of justice was warranted. U.S.S.G. § 3C1.1. We are not firmly convinced this determination was incorrect. *United States v. Shannon*, 137 F.3d 1112, 1119 (9th Cir.1998) (per curiam).

### IV

■ Likewise, there was no clear error in the district court's decision not to reward Cook for accepting responsibility. The court found that Cook had lied about an essential element of his offense and

---

* The Honorable Donald W. Molloy, Chief District Judge, United States District Court for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

therefore was not entitled to a reduction in his guideline calculation. See *United States v. Mohrbacher*, 182 F.3d 1041, 1052 (9th Cir.1999).

### V

█ This court is without jurisdiction to review the district court's decision not to depart downward. A district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. *United States v. Smith*, 330 F.3d 1209, 1212 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1096, 157 L.Ed.2d 927 (2004). Only the legal conclusion that he is without discretion to depart is reviewable. *Id.* Here, the district judge stated on the record more than once that he had discretion to depart and chose not to.

### VI

█ We affirm on the preceding issues. However, this case must be reversed and remanded on the issue of the setting of the restitution terms. The district court deferred setting the terms of Cook's restitution burden to the United States Probation Office. Since its decision in *United States v. Gunning*, 339 F.3d 948 (9th Cir.2003), this court has held that deferring that task to the Probation Office violates the Mandatory Victims Restitution Act of 1996. Here, the United States has conceded the district court's error. Therefore, the matter is remanded for correcting the sentence on restitution.

At argument, counsel for the defendant conceded that if Cook did not carry the day on his *Alford* plea issue, the matter could be remanded to the same district court judge for correction of the restitution terms. Therefore, further consideration of the parties' arguments regarding transfer on remand is unnecessary.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.