**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Luis CHAVEZ–OROZCO, Defendant—**
**Appellant.**

**United States of America,**
Plaintiff—Appellant,

v.

**Luis Chavez–Orozco, Defendant—**
**Appellee.**

Nos. 03–50337, 03–50391.
D.C. No. CR–02–00009–RMT.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 12, 2004.

Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

AUSA Criminal Division, Kathryn A. Young, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Michael J. Raphael, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Anthony Eaglin, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

### MEMORANDUM[**]

Luis Chavez–Orozco appeals his sentence for violation of 8 U.S.C. § 1326 on the grounds that: (1) the district court failed to comply with the findings requirements of Federal Rule of Criminal Procedure 32, and (2) the district court impermissibly denied Chavez–Orozco's request for a downward departure. The Government cross-appeals the district court's three-level downward departure as impermissibly infringing on prosecutorial discretion. We do not have jurisdiction to review the district court's discretionary denial of a downward departure.[1] We have jurisdiction over the remaining claims pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

Chavez–Orozco alleged a legal, not a factual, dispute. The district court was therefore not required to make express findings under Federal Rule of Criminal Procedure 32.[2] Accordingly, we reject Chavez–Orozco's argument for vacating his sentence.

The district court's three level departure impermissibly infringed on the prosecutor's choice not to offer a new deal after the prior one had been rejected.[3] Accordingly, we vacate the sentence and remand for resentencing without the three level departure based on the current record.

### VACATED AND REMANDED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Smith,* 330 F.3d 1209, 1212 (9th Cir.2003).

2. *See United States v. Rearden,* 349 F.3d 608, 618–19 (9th Cir.2003).

3. *See United States v. Banuelos–Rodriguez,* 215 F.3d 969, 976–77 (9th Cir.2000).