UNITED STATES of America, Plaintiff–Appellee,

v.

Maria Esther FIGUEROA, aka Virginia Jimenez–Valdez, aka Virginia Velez–Jimenez, aka Maria Esther Salinas, aka Maria Figueroa–Salinas, Defendant–Appellant.

Nos. 05–50654, 05–50693.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Filed Dec. 8, 2006.

---

Becky S. Walker, Esq., Keri Curtis Axel, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Adam Axelrad, Law Offices, Los Angeles, CA, Marcia J. Brewer, Esq., Law Offices of Marcia J. Brewer, Culver City, CA, for Defendant–Appellant.

Maria Esther Figueroa, Los Angeles, CA, pro se.

Before: GIBSON,* FISHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Maria Esther Figueroa appeals her sentence of 10 years, the statutory minimum for her offense, imposed after she pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846(a). She challenges the district court's denial of a downward departure motion based on sentencing entrapment. She also challenges the reason-

---

* The Honorable John R. Gibson, Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ableness of her sentence under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### I. Sentencing Entrapment

A district court's decision to deny a downward departure motion based on sentencing entrapment is unreviewable. *United States v. Ross*, 372 F.3d 1097, 1113 (9th Cir.2004). However, we review the district court's factual findings underlying a sentencing entrapment decision for clear error.[1]  *Id.* at 1113–14. We review de novo a district court's determination that it lacks the authority to depart downward based on sentencing entrapment. *United States v. Clough*, 360 F.3d 967, 969 (9th Cir.2004).

Sentencing entrapment occurs when a defendant is induced into committing a greater offense than she was predisposed to commit. *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994). To prove sentencing entrapment, the defendant must prove by a preponderance of the evidence that (1) she did not intend to produce the negotiated amount, and (2) she was not reasonably capable of producing the negotiated amount. *United States v. Naranjo*, 52 F.3d 245, 250 n. 13 (9th Cir.1995). If the district court finds both conditions, it can substitute the amount of drugs that the defendant was predisposed to sell for the purpose of establishing a mandatory minimum sentence. *Id.* at 251 n. 14

■ Based on the colloquies between defense counsel and the district court, the district court knew that it had the authority to impose a sentence below the mandatory minimum if it found sentencing entrapment. It declined to do so because Figueroa failed to establish that she was entrapped.

■ The district court articulated a valid basis for finding no sentencing entrapment when it stated that Figueroa was "ready and willing to attempt at least to provide the 25 pounds of methamphetamine." This was sufficient to satisfy Federal Rule of Criminal Procedure 32(i)(3). *See United States v. Karterman*, 60 F.3d 576, 583 (9th Cir.1995) (holding that findings under Rule 32 "need only state the court's resolution of the disputed issues").

Nor was that factual finding erroneous. At no time did Figueroa ever express any hesitancy or reservations about the large quantity of methamphetamine that she and Santos–Carbajal were about to sell. Instead, she indicated that she was frustrated that Santos–Carbajal could not deliver 25 pounds of methamphetamine on time. Figueroa's arrest in 2000 also supports the absence of sentencing entrapment here. During that arrest, officers searched her residence and found methamphetamine and paraphernalia for manufacturing methamphetamine.

### II. Reasonableness under *Booker*

■ We have jurisdiction to review a sentence within the guideline range for reasonableness. *United States v. Plouffe*, 445 F.3d 1126, 1130–31 (9th Cir.2006). Because the district court lacked discretion to sentence Figueroa to less than 10 years, her sentence was reasonable. Moreover, we need not address whether the district

---

1. We recognize that a different standard of review may apply to a district court's denial of a downward departure in the wake of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See, e.g., United States v. Mohamed*, 459 F.3d 979, 985–87 (9th Cir.2006) (discussing post-*Booker* review of departures). However, even if we could review the district court's legal and factual rulings de novo, our conclusions in this case would be unchanged.

court erred by failing to expressly discuss the § 3553(a) sentencing factors. Any failure to address the factors would be harmless error because Figueroa was sentenced to the statutory minimum for her offense.

Accordingly, the district court's sentence is **AFFIRMED.**