**UNITED STATES of America,**

v.

**Felix ROMAN, Jr., Appellant.**

No. 03–2237.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 15, 2004.

Decided March 8, 2004.

---

Iva C. Dougherty, Office of United States Attorney, Philadelphia, PA, Seth Weber, Office of United States Attorney, Allentown, PA, for Appellee.

Allan L. Sodomsky, Sodomsky & Nigrini, Reading, PA, for Appellant.

Before: SLOVITER, RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

We are to consider the brief filed by counsel to Appellant Felix Roman, Jr. in accordance with the dictates of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as well as Roman's pro se arguments raised by a brief, a supplemental brief and a supplement thereto.

A grand jury indictment charged Roman with one count of possession of five grams or more of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). An information charging prior offenses under 21 U.S.C. § 851 was later filed.

A plea agreement was entered into limiting prosecution to counts one and two of the indictment. The district court imposed a sentence of 262 months imprisonment on count one with a concurrent term of 120 months on count two. This appeal followed. We affirm.

## I.

Roman argues that he entered a guilty plea only because his attorney misinformed, misled and misguided him into believing that he would receive only 10–13 years in prison, never advising him that he would be designated as a career offender's and could receive a sentence of 262 months which he ultimately received. Putting aside for a moment whether Roman's plea was knowing and voluntary, to the extent that he further claims ineffective counsel, that contention is premature and will not be considered on direct appeal. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Thornton,* 327 F.3d 268, 272 (3d Cir.2003).

## II.

Appellant contends that the sentence imposed by the trial court was not in accordance with controlling legal precepts.

■ First, Roman argues that his two prior felony drug convictions were consolidated for sentencing and, therefore, should be treated as related cases which would count as one sentence in calculating his criminal history. We find no merit in this contention. He was sentenced as a career offender under U.S.S.G. § 4B1.1. This was based on two prior drug felony convictions he incurred in 1991. This produced a guideline sentencing range of 262–327 months, and the court imposed a sentence at the bottom of that range. That two prior offenses were consolidated for sen-

tencing in 1991 is of little moment. Application note 3 to U.S.S.G. 4A1.2 provides that cases consolidated for sentencing stand as separate convictions for criminal history purposes where the offenses were separated by an intervening arrest. Roman was arrested for the first offense before he committed the second. Therefore they stand as separate convictions in determining criminal history.

### III.

Roman contends also that his prior conviction for possession of less than three grams of marijuana in 1999 should not have been assessed one point in determining his criminal history because he was sentenced to 30 days probation, rather than 30 days in jail or one year's probation, and because the prior offense was not similar to the instant offense. All misdemeanors and petty offenses are counted for criminal history purposes, except for certain enumerated offenses which are accounted only if they meet the sentencing requirements upon which Appellant focuses. U.S.S.G. § 4A1.2(c)(1). Possession of marijuana is not listed as one of the enumerated offenses that limits counting, regardless of the sentence associated with it. This argument, too, is without merit

### IV.

Roman next argues that the criminal history category calculated in the presentence report significantly over represents the seriousness of his actual criminal history and that the district court erred in failing to grant a downward departure because the court did not believe it had the authority. This argument is frivolous. Roman did not request any departure. He made no objection to the pre-sentence report. And, his counsel argued successfully that the court should choose a sentence at the bottom of the range.

The district court then examined whether Roman was indeed a career offender. The court stated, "[w]ell, I can't change the facts, and the facts are that he does qualify as a career offender, so I don't think any way with a straight face I can get around that." (App. v. 2 at 46–47.) The district court did not err in its conclusion.

### V.

Roman argues also that his offense level should not have reflected a two point enhancement for a weapon found in his bedroom because it was owned by and registered by his wife. Calculation of this two point enhancement is ultimately immaterial, however, because of Appellant's status as a career offender. Although the enhancement raised his offense level to 32, this level became moot upon the career offender's determination which required an offense level of 37 regardless of the presence of a weapon.

### VI.

Acting pro se, Appellant filed a motion to file a supplemental brief. We granted the motion and considered his additional contentions.

### A.

Roman first argues that "[t]he Honorable District Court did not inform the APPELLANT that he observed the APPELLANT Roman was not under the influence of any drugs or medication. The Honorable Judge never stated that I find that no promises of any kind have been or were made to you, Mr. Roman and that no threats or coercion were exerted upon you, Mr. Roman, in any manner . . . ."

These arguments are frivolous because they fly in the face of the record. The record discloses:

THE COURT: Have you within the last several hours had any alcoholic beverages, any strong medicine, any drugs, any narcotics, anything like that that would affect your ability to understand what is going on?

THE DEFENDANT: No, your honor.

\* \* \* \* \* \*

THE COURT: Has anyone made any promises to you to get you to plead guilty other than what is set forth in the plea agreement?

THE DEFENDANT: No, your honor.

\* \* \* \* \* \*

THE COURT: Has anyone made any threats or used any pressure or coercion to get you to plead guilty?

THE DEFENDANT: No, your honor.

(App. v. 2 at 22–26.)

### B.

Roman argues also in his supplemental pro se brief and its supplement that the district court erred in not addressing him personally in open court to determine if he understood the particular terms of his plea agreement waiving his right to appeal or collaterally attack the sentence.

Rule 11 (b)(1)(N) of the Federal Rules of Criminal Procedure provides that before accepting a guilty plea, the court must both "inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."

■ Indeed, the district court judge did not directly mention the plea waiver in open court prior to the acceptance of the plea. We conclude, however, that the district court's failure to comply with Rule 11 does not constitute "plain error" within the meaning of *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (holding that "plain error" is the appropriate standard of review when the Appellant lets a Rule 11 error pass without objection in the trial court).

During the plea hearing and before the acceptance of the plea, Roman's counsel summarized the plea waiver in open court: "In addition, paragraph ten speaks to the fact that in exchange for undertakings by the Government in entering this plea, my client voluntary and expressly waives all rights to appeal or collaterally attack his conviction, and those rights are enumerated in paragraph ten on page five of the agreement." (App. v. 2 at 21.) The district court then personally asked Roman: "Have you gone over the details of [the plea] agreement with your counsel and do you understand what is in it?" (*Id.* at 23.) Roman responded affirmatively.

The district court's failure to chant the words *ipsissimi verbis* does not constitute plain error for several discrete reasons. During the plea colloquy and before acceptance of the plea, Roman's counsel expressly stated the appeal-waiver provision of the plea agreement, and Roman affirmatively indicated that he understood the contents of that agreement. *See United States v. Siu Kuen Ma*, 290 F.3d 1002, 1004 (9th Cir.2002) (concluding that failure to comply with Rule 11 was not plain error because the government summarized the appellate waiver in open court before the acceptance of the plea); *cf. United States v. Arellano–Gallegos*, 351 F.3d 966, 967 (9th Cir.2003) (concluding that failure to comply with Rule 11 was plain error because "[n]o mention of the waiver of appeal was ever made in open court until the time of sentencing. . . .").

More significantly, the court explicitly rejected the appeal-waiver portion of the plea agreement. Indeed, the court advised Roman that he had the right to appeal the sentence, and that if he wished to appeal and could not afford a lawyer on appeal, the court would appoint one without any cost to him. Finally, the Government did not assert the appeal-waiver defense to any contention raised on appeal, whether affecting the entry of the plea or the subsequent sentencing. This is classic no harm, no foul.

We have considered all the contentions presented by counsel in his *Anders* brief, as well as the Appellant's pro-se brief, his supplemental brief and supplement thereof, and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.