. **UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel ARELLANO–GALLEGOS,
aka Juan Vasquez–Chavez,
Defendant–Appellant.**

**No. 01–10298.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 2003.*

Filed Dec. 11, 2003.

Amended Oct. 27, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Christina M. Cabanillas, Deputy Chief, Appellate Section, United States Attorney's Office, Tucson, AZ, for the defendant-appellant.

Peter M. Raptis, Assistant Federal Public Defender, Tucson, AZ, for the plaintiff-appellee.

Before: KLEINFELD, WARDLAW, Circuit Judges, and POGUE, Judge.**

** Honorable Donald C. Pogue, Judge, United States Court of International Trade, sitting by designation.

## ORDER

The Opinion and Dissent filed December 11, 2003, slip op. 17423, and appearing at 351 F.3d 966 (9th Cir.2003) are hereby AMENDED. The Clerk shall file the attached Amended Opinion and Amended Dissent.

A majority of the panel has voted to deny the petition for panel rehearing. Judge Kleinfeld would have granted the petition. Judge Wardlaw voted to deny the petition for rehearing en banc. Judge Pogue also so recommended. Judge Kleinfeld would have granted the petition.

The full court has been advised of the petition for rehearing en banc and no judge requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are DENIED.

## OPINION

WARDLAW, Circuit Judge:

Samuel Arellano–Gallegos appeals his 51–month sentence imposed following his guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). Arellano challenges the waiver provision in his plea agreement, and claims the district court erred by failing to acknowledge its discretion to depart downward pursuant to U.S.S.G. § 5K2.0. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), and we reverse.

### I.

■ In his written plea agreement, Arellano agreed to waive his right to appeal the imposition of sentence upon him. The magistrate judge who took his plea upon consent, *see United States v. Reyna–Tapia,* 328 F.3d 1114 (9th Cir.2003) (en banc), *cert. denied,* 540 U.S. 900, 124 S.Ct. 238, 157 L.Ed.2d 182 (2003), failed to adhere to the requirements of Rule 11 regarding the waiver of appeal. Rule 11(b)(1)(N) (2002) (formerly Rule 11(c)(6) (1999)) mandates that:

> Before the court accepts a plea of guilty … the court must address the defendant personally in open court. … During this address, the court must inform the defendant of, and determine that the defendant understands … the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence.

Fed.R.Crim.P. 11(b)(1)(N).

The magistrate judge then filed with the district court "Findings and Recommendation Upon a Plea of Guilty and District Judge's Acceptance of Plea of Guilty." These findings and recommendations again omitted any reference to the waiver of appeal. The district court nevertheless accepted Arellano's plea of guilty by signing the form on October 3, 2000. No mention of the waiver of appeal was ever made in open court until the time of sentencing on April 25, 2001, when, in passing, the district court noted that"[t]he record shows that [Arellano] waived his right to appeal."

■ We conclude that, given these facts, the failure to comply with Rule 11 constituted plain error within the meaning of *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Neither the magistrate judge nor the district court ascertained whether Arellano's waiver of appeal was knowing and voluntary "before" the acceptance of the plea, as Rule 11 requires. *See United States v. Anglin,* 215 F.3d 1064, 1068 (9th Cir.2000) ("The sole test of a waiver's validity is

whether it was made knowingly and voluntarily."). Indeed, unlike in *United States v. Ma*, 290 F.3d 1002 (9th Cir.2002), relied upon by the government, the plea waiver was never mentioned in open court prior to the acceptance of the plea. In *Ma*, the government summarized the appellate waiver in open court. The court asked Ma's counsel if what had been presented agreed with his understanding and if he had discussed these matters with his client. Defense counsel responded affirmatively. The court then asked Ma if the summary comported with her understanding of the plea agreement, and Ma also responded affirmatively on the record. *Id.* at 1004. Thus, in *Ma*, the judge's omission was not plain error, because during the plea colloquy and before acceptance of the plea, the government covered the same ground the court should have, and Ma affirmatively indicated she agreed with the government's summary of the plea agreement. In contrast, here, the magistrate judge asked each defendant[1] only the general questions whether they had read and understood their "five or six-page plea agreement," and made no specific reference to the waiver of the right to appeal the sentence. The sentencing judge's comment "The record shows he waived his right to appeal," does not satisfy the requirements of Rule 11 either. The sentencing judge neither "address[ed] the defendant personally" regarding the waiver nor "determine[d] that the defendant underst[ood]" the meaning of the waiver. And, obviously, the district court's casual statement was made some six months after the plea had been accepted.

Because this was not a technical violation of Rule 11, but rather a wholesale omission, and there is nothing elsewhere in the record to indicate that Arellano understood the right to appeal his sentence, his substantial rights were affected. Here, there is no evidence in the record that would demonstrate that Arellano knew he was waiving the right to appeal his *sentence*. What is in the record demonstrates that the magistrate judge and the form used by the district court omitted any reference to the right to appeal the sentence. Indeed, Arellano does not appeal his conviction. *Cf. United States v. Benitez*, —— U.S. ——, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). He only appeals from his *sentence*. At the time of the plea colloquy, the sentence had yet to be rendered; indeed, it was not imposed until six months later, and the district court assumed a waiver of a right to appeal the sentence had occurred. And, because there was a "wholesale failure" to comply with Rule 11 or otherwise ensure that Arellano understood the consequences of waiving his right to appeal the sentence which had yet to be imposed, the enforcement of the waiver in these circumstances would seriously affect the fairness, integrity, and public reputation of our plea proceedings. *See United States v. Pena*, 314 F.3d 1152, 1158 (9th Cir.2003).

## II.

■ Arellano argues that the district court erred by failing to acknowledge its authority to depart downward pursuant to U.S.S.G. § 5K2.0. *See Koon v. United States*, 518 U.S. 81, 92, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (noting that district courts have statutory authority to depart from the Guidelines); *see also United States v. Dickey*, 924 F.2d 836, 839 (9th Cir.1991) (remanding for clarification where doubt existed as to whether the

---

1.  The magistrate judge took the pleas of two defendants in unrelated cases simultaneously, which may explain the omission.

district court had exercised its discretion in denying a downward departure). Generally, a district court need not expressly state that it has the authority to depart when sentencing. *See United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir. 1991). However, if it is unclear whether the district court was validly exercising its authority not to depart or erroneously felt that it was legally constrained not to do so, we review sentencing de novo and may remand. *See United States v. Eaton,* 31 F.3d 789, 793 (9th Cir.1994).

When pronouncing Arellano's sentence, the district court informed him "First of all, the sentence I give you is not something that I wish to give you, it's something that the law commands that I have to give to you." Furthermore, the court told Arellano that, notwithstanding his moving explanation for his illegal return, the law does not "allow me to give you one less day." Although the court informed Arellano that it would give him the "benefit of the doubt" and would sentence him according to criminal history category V guidelines, rather than use the category VI guidelines as the PSR recommended, *see* U.S.S.G. § 4A1.3, it sentenced Arellano to 51 months: the minimum sentence for a category VI offender. While fifty-one months is within the prescribed range for a category V offender, the law did not prevent the district court from sentencing Arellano to as little as 47 months, the minimum under the category V guidelines.

We are unable to determine on the basis of this record whether Arellano's claim of

sentencing error is valid. It is unclear whether the district court, although cognizant of its ability to sentence Arellano at a lower criminal history level, nevertheless believed that it could not give him "one less day" than the category VI guidelines would have otherwise required. The district court did not discuss its ability to depart, saying only "[t]hat's the best I can do." Its only express reference to "departure" was a prediction that "it is only going to get worse, not better … [as] the sentencing commission is trying to take out any possible departures." [2]

■ Because the record below is unclear on whether the district court acted under its own discretion or under an erroneous understanding of the law, we must remand for resentencing.

**REVERSED** and **REMANDED.**

KLEINFELD, Circuit Judge, concurring in part and dissenting in part:

I concur in Part I of the majority's opinion and respectfully dissent from Part II.

The majority remands this appeal for resentencing because it is unsure whether the district court knew that the Sentencing Guidelines gave it the authority to depart downward. I see no reason to doubt that the district court judge knew this elementary and oft-arising area of law quite well. And the judge's silence on whether he had authority to depart, is under controlling Ninth Circuit authority, the end of it.[1]

---

2. The dissent relies upon conjecture to argue a position the government itself did not advance: that if the district court believed it could not depart, it would have sentenced Arellano to the bottom of the guideline range (46 months) instead of the middle (51 months) as it did. What the dissent is actually saying is that a judge who knows a departure is legally impermissible will evade that law by giving a lesser sentence simply because it is within the range. That the district court sen-

tenced in the mid-range may only mean that, in his view, the mid-range is generally the most appropriate sentence. The point is that we cannot read the district judge's mind. What the court said was ambiguous, and remand is necessary for clarification.

1. *See United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir.1991) ("[T]he district court has no obligation affirmatively to state that it has authority to depart when it sentences

Here, the district court actually indicated its understanding of its authority to depart from the guidelines. In discussing possible sentences that might be imposed if the defendant again entered the United States illegally, the court stated, "And quite frankly, it's going to get worse, not better. In fact, the sentencing commission is trying to take out any possible departures." This quote indicates that the district court understood that it currently possessed authority to depart.

Further, in imposing sentence, the district court stated, "I'll treat you as a criminal history category V, but the sentence is still going to be 51 months in custody. The range for V is 46 to 57, the range for a VI is 51 to 63. Either way I'm going to give you 51 months. That's the best I can do." If, as the defendant argues, the district court would have sentenced him to less time but for its mistaken belief that it could not depart, the logical sentence would have been 46 months, the bottom of the guidelines range. That the judge chose to sentence Arellano–Gallegos to 51 months, a term right in the middle of the applicable range, combined with the judge's comment about the possibility of departures being disallowed in the future, leaves me with no doubt that the judge understood his authority to depart but declined to do so. That being so, we lack jurisdiction to review the court's decision.[2]

As to the judge's remarks about what the law required him to do, he was plainly referring to what the guidelines required if he did not depart. If he were ignorant of the possibility of departures, as the majority supposes, he would not have spoken of "the sentencing commission ... trying to

take out any possible departures" as something "worse" for the defendant than the current state of affairs. "The best I can do" obviously means, just as it often does in private negotiations, "the best I choose to do."

within the guideline range instead of departing. Therefore failure to depart, when the record is silent on the issue of authority, and sentence is imposed within the applicable

guideline range, is not unlawful and is not appealable on that basis.").

2. *United States v. Smith*, 330 F.3d 1209, 1212 (9th Cir.2003).