**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Roman ALARID, Defendant—Appellant.**

No. 04–50010.
D.C. No. CR–02–02549–NAJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided Feb. 17, 2005.

Steve Miller, AUSA, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

William Braniff, Law Offices of William Braniff, San Diego, CA, for Defendant–Appellant.

Before HUG, FERGUSON, and HAWKINS, Circuit Judges.

### MEMORANDUM*

Roman Alarid pled guilty to conspiracy to distribute methamphetamine and was sentenced to 130 months in prison. On appeal, he challenges the district court's imposition of a two-level enhancement for firearms possession under U.S.S.G. § 2D1.1(b)(1) as both an improper application of the sentencing guidelines and a violation of his Sixth Amendment right to jury determination of the facts underlying the enhancement.

The government urged that this appeal be dismissed, citing a waiver of appellate rights contained in Alarid's plea agreement. On *de novo* review, *United States v. Smith,* 389 F.3d 944, 953 (9th Cir.2004), however, we find the waiver unenforceable. Although the district court mentioned the possibility of such a waiver during the plea colloquy, it failed to discuss the specific terms of the waiver and ensure Alarid's understanding as required by Fed. R.Crim.P. 11(b)(1)(N). This omission was plain error. *See United States v. Arellano–Gallegos,* 387 F.3d 794, 797 (9th Cir. 2004). Because the waiver was not knowingly and voluntarily made, *see id.* at 796, it cannot be enforced.

Alarid's 130–month sentence was within the range that could have been imposed even without the firearms enhancement challenged on appeal. However, we cannot conclude whether this is the sentence that the district judge would have imposed had the guidelines not been considered mandatory at the time. On the limited record before us, we decline to decide in the first instance whether this sentence was reasonable. Instead, we vacate the sentence and remand for resentencing consistent with the discretion announced in *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

VACATED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.