NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50099 |
| Plaintiff - Appellee, | D.C. No. 3:09-CR-00159-W-1 |
| v. | |
| VICTOR MANUEL MORALES-ESCOBEDO, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Victor Morales-Escobedo challenges his sentence of 63 months

imprisonment for illegal re-entry in violation of 8 U.S.C. § 1326. He argues that

his sentence is illegal because it exceeds the 2-year statutory maximum sentence

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

established by 8 U.S.C. § 1326(a), and because it is procedurally and substantively unreasonable.

As a threshold matter, we decline to enforce the provision of Mr. Morales's plea agreement in which he purports to waive his right to appeal. Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure required the district court to confirm that Mr. Morales understood "the terms of any plea-agreement provision waiving the right to appeal" before accepting his plea. At the plea colloquy, the district court briefly reviewed the plea agreement with Mr. Morales but failed to make any mention of the appellate waiver. Because defense counsel did not object to the district court's mistake, plain error review applies. *See, e.g.*, *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (citing *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008); *United States v. Arellano-Gallegos*, 387 F.3d 794, 796 (9th Cir. 2004)). Where, as here, there was a "wholesale omission" of any mention of an appellate waiver at the plea colloquy, the violation of Rule 11(b)(1)(N) amounts to plain error.[1] *Arellano-Gallegos*, 387 F.3d at 797. In light of that omission, there is no evidence in the record showing that Mr. Morales's waiver was knowing and voluntary; therefore, we cannot enforce it.

---

[1] By contrast, when a district court fails to comply with Rule 11(b)(1)(N), there is no plain error if the prosecutor summarizes the plea agreement in open court and the defendant indicates that the summary comports with his or her understanding of the agreement. *See, e.g.*, *Watson*, 582 F.3d at 987; *United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002).

Mr. Morales argues that his 63-month sentence is illegal because it exceeds the 2-year maximum established by 8 U.S.C. § 1326(a). Section 1326(a) applies to aliens who were previously removed from the United States and then illegally re-enter the country. Section 1326(b)(2) increases the maximum sentence to 20 years for aliens who were previously convicted of an aggravated felony, removed, and then illegally re-enter the United States. Because the fact that the defendant was "previously removed from the country after being convicted of a felony" increases the statutory maximum sentence, *Apprendi* requires that this fact "be alleged in defendant['s] indictment[] and either proven to a jury or admitted." *Garcia-Aguilar v. U.S. Dist. Court*, 535 F.3d 1021, 1024 (9th Cir. 2008).

At the plea colloquy, Mr. Morales admitted that he was a Mexican citizen, had been previously removed from the United States, and was later found in the United States without the Attorney General's permission. He did not admit that his prior removal took place after an aggravated felony conviction. Nonetheless, the district court found that fact at sentencing and, on the basis of that finding, sentenced Mr. Morales to 63 months in prison, above the 2-year maximum established by § 1326(a). Defense counsel did not object to the district court's mistake, so plain error analysis applies. *United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006). Mr. Morales must demonstrate that the district

3

court committed an "(1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Benz*, 472 F.3d 657, 659 (9th Cir. 2006).

The district court's error did not affect Mr. Morales's substantive rights because the district court's *Apprendi* error did not affect the outcome of the proceedings. *See Covian-Sandoval*, 462 F.3d at 1098 (citing *United States v. Buckland*, 289 F.3d 558, 568 (9th Cir. 2002) (en banc)). It is "'clear beyond a reasonable doubt that a rational jury would have found,'" had one been asked, that Mr. Morales was guilty of violating 8 U.S.C. § 1326(b)(2). *Id.* (quoting *United States v. Minore*, 292 F.3d 1109, 1122 (9th Cir. 2002)). Mr. Morales conceded that he had previously been convicted of an aggravated felony and then deported in his plea agreement, in the sentencing memorandum he submitted prior to sentencing, and at the sentencing hearing. He also did not object to the "Rap Sheet" submitted by the Government that noted the date of his prior felony conviction, and he affirmatively argued in favor of a 63-month sentence at the sentencing hearing.[2] *See id.* (holding that improper factual finding by sentencing judge was not plain error because defendant essentially admitted the disputed fact in pre-sentencing

---

[2] Given that Mr. Morales himself requested the 63-month sentence he now complains of, his challenge to his sentence also fails on grounds of invited error. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

submissions and at the sentencing hearing).  Accordingly, it was not plain error for the district court to impose that sentence.

Mr. Morales also argues that his sentence is procedurally unreasonable because the district court failed to adequately consider the § 3553(a) factors. Because the final sentence was within the recommended Guidelines range, the district court's brief acknowledgment of the § 3553(a) factors was sufficient.  *See Rita v. United States*, 551 U.S. 338, 356 (2007) (holding that little explanation is usually required for a within-Guidelines sentence); *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009).

Neither was Mr. Morales's sentence substantively unreasonable.  When a defendant enters the country illegally after having previously been convicted of an aggravated felony and then removed, the Sentencing Guidelines instruct the district court to apply a 16-level sentencing enhancement.  U.S.S.G. § 2L1.2(b)(1)(A). We have held that this enhancement was substantively unreasonable in a case where the prior conviction was very old and the defendant had not committed another offense listed in Section 2L1.2 since then.  *See Amezcua-Vasquez*, 567 F.3d at 1056.  Mr. Morales's aggravated felony conviction is not as old, and his record not as clean, as the defendant's in *Amezcua-Vasquez*.  In cases like Mr. Morales's, this court has held that district courts have not abused their discretion by applying the

5

16-level enhancement.  *See, e.g.*, *United States v. Reina-Rodriguez*, 468 F.3d 1147, 1159 (9th Cir. 2006), *partially overruled on other grounds by United States v. Grisel*, 488 F.3d 844, 851 (9th Cir. 2007).  Considering the totality of the circumstances, his 63-month sentence is not substantively unreasonable.

Mr. Morales's sentence is **AFFIRMED**.  We **DENY** the Government's motion to take judicial notice of the clerk's record in the 1999 criminal proceedings against Mr. Morales for illegal re-entry.