**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50337 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-01378-W |
| v. | |
| PEDRO SANTOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Pedro Santos appeals from the 51-month sentence imposed following his

guilty-plea conviction for being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

The government contends that Santos's appeal should be dismissed based on the appeal waiver in his plea agreement. Because the district court did not discuss the appeal waiver during the change of plea hearing, we decline to enforce it. *See United States v. Arellano-Gallegos*, 387 F.3d 794, 796-97 (9th Cir. 2004).

Santos contends that the district court procedurally erred by failing to explain adequately the sentence imposed, in that it did not specifically explain why it was adopting a 16-level enhancement for Santos's prior drug trafficking offense. Our precedent does not require the district court to explain why it is adopting the calculations set forth in the Guidelines. Although the district court imposed a 16-level enhancement, it granted a four-level fast track departure, rather than the two-level departure recommended by the government and contemplated by the plea agreement. The district court explained why it was imposing the additional departure, and why it did not find persuasive Santos's arguments for a downward variance from the reduced Guidelines range. Its explanation of the sentence was plainly sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Santos also contends that his sentence is substantively unreasonable because the 16-level enhancement for his prior aggravated felony made the sentence longer

than necessary for someone with his background. The 51-month sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**