**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>HECTOR OJEDA BARRAZA, a.k.a. Lionel Barraza-Barraza, a.k.a. Victor Leon,<br><br>Defendant - Appellant. | No. 11-10345<br><br>D.C. No. 2:08-cr-00562-EJG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Hector Ojeda Barraza appeals from the district court's judgment and

challenges the 216-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute and possess with intent to distribute cocaine, cocaine

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

base, methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b); and being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We dismiss.

After his change of plea hearing, Ojeda Barraza agreed to waive his right to appeal his sentence. He contends that his appeal waiver is unenforceable, however, because the district court did not personally address him during the sentencing hearing to determine whether his waiver was knowing and voluntary. We review for plain error, *see United States v. Arellano-Gallegos*, 387 F.3d 794, 796 (9th Cir. 2004), and find none. Even if the court had an obligation to canvass Ojeda Barraza as to his understanding of the waiver during the sentencing hearing, the court's failure to do so did not affect Ojeda Barranza's substantial rights because the record reflects that his waiver of appeal was knowing and voluntary. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008). We accordingly dismiss the appeal. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED.**