**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10374 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00765-HG-2 |
| v. | |
| RAMON BONILLA-GALEAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Submitted July 8, 2016[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Ramon Bonilla-Galeas appeals from the district court's judgment and

challenges his guilty-plea conviction and 120-month sentence for conspiracy to

distribute and possess with intent to distribute 50 grams of methamphetamine, in

violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Pursuant to *Anders v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*California,* 386 U.S. 738 (1967), Bonilla-Galeas's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Bonilla-Galeas the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief with respect to the conviction. We therefore affirm the conviction.

Bonilla-Galeas entered into a plea agreement that included an appeal waiver with respect to the sentence. The record discloses no arguable issue as to the validity of that waiver except with respect to raising an ineffective assistance of counsel claim. Because Bonilla-Galeas was advised at the change of plea hearing that he had a right to challenge the sentence based on ineffective assistance of counsel, he is not precluded from raising such an issue on appeal. *See* Rule 11(b)(1)(N); *see also United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004). We nevertheless decline to review an ineffective assistance of counsel claim by Bonilla-Galeas because this is not one of those rare cases where such review is warranted on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir.2011) (holding that we review ineffective assistance of counsel

claims on direct appeal only in the unusual cases where the record is sufficiently developed or the legal representation is so obviously inadequate that it denies a defendant his Sixth Amendment right to counsel). We dismiss the remainder of Bonilla-Galeas's appeal of the sentence based on the appeal waiver. *See United States v. Watson,* 582 F.3d 974, 986-88 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED.**

We remand to the district court with instructions to correct the judgment to reflect that counts 2, 3, and 4 of the indictment are dismissed. *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to correct the judgment).

**AFFIRMED in part; DISMISSED in part**; **REMANDED** to correct the judgment.