NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10587 |
| Plaintiff-Appellee, | |
| | D.C. No. |
| v. | 1:14-cr-00038-FMTG-1 |
| JOSEPH LEE PUGH, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Submitted August 16, 2016[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Joseph Lee Pugh, Jr. appeals from the district court's judgment and challenges his guilty-plea conviction and 108-month sentence for conspiracy to distribute methamphetamine hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). Pursuant to *Anders v. California,* 386 U.S. 738

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(1967), Pugh's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Pugh has filed a pro se supplemental brief. No answering brief has been filed.

Pugh waived his right to appeal his conviction with the exception of an appeal based on claims that his guilty plea was involuntary, he received ineffective assistance of counsel, or there was prosecutorial misconduct. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief with respect to these issues. We therefore affirm the conviction as to these issues. We dismiss the remainder of Pugh's appeal of the conviction based on the appeal waiver. *See United States v. Watson,* 582 F.3d 974, 986-88 (9th Cir. 2009).

In his written plea agreement, Pugh waived his right to appeal his sentence. However, because the district court did not discuss Pugh's waiver of his right to appeal his sentence during the change of plea hearing, we decline to enforce that waiver. *See United States v. Arellano–Gallegos,* 387 F.3d 794, 796-97 (9th Cir. 2004). Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75 (1988), discloses no arguable grounds for relief on direct appeal with regard to Pugh's sentence. Accordingly, we affirm the sentence.

In his pro se supplemental brief Pugh contends that his attorney provided ineffective assistance of counsel at sentencing. We decline to review Pugh's ineffective assistance of counsel claims on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011) (holding that we review ineffective assistance of counsel claims on direct appeal only in the unusual cases where the record is sufficiently developed or the legal representation is so obviously inadequate that it denies a defendant his Sixth Amendment right to counsel). We leave open the possibility that Pugh might raise an ineffective assistance of counsel claim in collateral proceedings. *See id.*

Counsel's motion to withdraw is **GRANTED.**

Pugh's pro se motion for new counsel is **DENIED**.

**AFFIRMED** in part; **DISMISSED** in part.