*United States v. Pagliuca*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 18-1421

NICHOLAS PAGLIUCA, AKA Sam Malone,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant Nicholas Pagliuca: | Darrell Fields, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY. |
| For Appellee United States of America: | Gillian Grossman, Daniel B. Tehrani, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-appellant Nicholas Pagliuca appeals from a sentencing judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), which, as relevant here, requires Pagliuca to pay a $15,000 fine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court decided to include a fine in Pagliuca's sentence based in part on its belief that he would receive Social Security benefits while incarcerated. In fact, federal law prohibits Social Security recipients from receiving payments for any month in which they are in prison. *See* 42 U.S.C. § 402(x)(1)(A)(i). For us to reach Pagliuca's challenge to the court's decision, however, Pagliuca must overcome the plea agreement he signed, which included an appeal waiver of any fine below $300,000.

Pagliuca argues that the panel should excuse the waiver because the district court failed to ensure at his plea hearing that Pagliuca understood that he was waiving the right to appeal a fine. *See* Fed. R. Crim. P. 11(b)(1)(N). "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (per curiam).[1] However, courts will not enforce a waiver of appellate rights when the "waiver was not made knowingly, voluntarily, and competently." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Such circumstances may exist where there were significant errors in "the

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

process leading to the plea," including failure "to comply with the important strictures of Rule 11, which governs entry of guilty pleas." *United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018). Accordingly, to determine the enforceability of the waiver, we review whether the plea colloquy with respect to the waiver of appellate rights violated Rule 11 and thereby undermined the voluntary and knowing nature of Pagliuca's waiver.

Because Pagliuca did not object below to the alleged Rule 11 violation, our review is for plain error. *Id.* at 119. He therefore must "establish (1) error (2) that is plain and (3) affects substantial rights." *United States v. Zukerman*, 897 F.3d 423, 427 (2d Cir. 2018) (per curiam), *cert. denied,* No. 18-642, 2019 WL 887697 (U.S. Feb. 25, 2019). If he does, we may "exercise our discretion to correct [the error] . . . if [it] seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Federal Rule of Criminal Procedure 11(b)(1)(N) requires the court to "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." The district court may have only partially complied with this mandate. While the district court ensured that Pagliuca understood that he was giving up his right to appeal his conviction and sentence, the court did not specifically point out that Pagliuca could only appeal a fine of more than $300,000. Arguably, then, the court may not have "verif[ied] that [Pagliuca] understood the breadth of the waiver." *United States v. Goodson*, 544 F.3d 529, 540 (3d Cir. 2008).

We need not decide whether this plea colloquy violated Rule 11, however, because any such error did not affect Pagliuca's substantial rights. This Court has repeatedly stated that "[i]n the Rule 11 context," the substantial rights prong "require[s] that a defendant show a reasonable probability that, but for the error, he would not have entered the plea." *Lloyd*, 901 F.3d at 119.

3

This standard derives from the Supreme Court's decision in *United States v. Dominguez Benitez*, in which the defendant sought to withdraw his guilty plea because the district court failed to provide a certain Rule 11 warning. 542 U.S. 74, 76 (2004). The Court held "that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 83.

Pagliuca argues that this standard is the wrong one to apply in the appellate waiver context when a defendant seeks only to vacate his sentence, not to appeal or otherwise attack his underlying conviction. He stresses that several circuits have declined to extend the substantial rights formulation of *Dominguez Benitez* to such cases. *See United States v. Corso*, 549 F.3d 921, 929 (3d Cir. 2008); *United States v. Murdock*, 398 F.3d 491, 496-97 (6th Cir. 2005); *United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004); *see also United States v. Villodas-Rosario*, 901 F.3d 10, 15-16 (1st Cir. 2018) (suggesting, without deciding, that circuit precedent focused on whether "the record as a whole revealed that the defendant understood the waiver at the time he entered the plea"—"and not the plain-error standard articulated in *Dominguez Benitez*"—"should remain the standard used to assess the enforceability of appellate waivers" generally). These circuits have instead asked whether "the Rule 11 error precluded [a defendant] from understanding that he had a right to appeal and that he had substantially agreed to give up that right." *Corso*, 549 F.3d at 929; *accord Arellano-Gallegos*, 387 F.3d at 797; *see Murdock*, 398 F.3d at 497 (asking whether there was a "functional substitute" for the Rule 11(b)(1)(N) inquiry).[2]

---

[2] There is a circuit split on this question: several of our sister circuits have applied *Dominguez Benitez* to Rule 11 errors when defendants have attacked appellate waivers that bar their sentencing appeals. *See United States v. Crain*, 877 F.3d 637, 639, 643-45 (5th Cir. 2017);

This Court has applied *Dominguez Benitez* in several cases in which defendants sought to void appellate waivers to attack elements of their sentences. *See Burden*, 860 F.3d at 52-53; *Tellado*, 745 F.3d at 54-55; *United States v. Cook*, 722 F.3d 477, 482-83 (2d Cir. 2013). Pagliuca discusses only *Cook*. He urges the panel not to treat *Cook* as binding, since its discussion of substantial rights furnished merely "a second, alternative reason" for upholding the appellate waiver after determining that there was no error. 722 F.3d at 482. Pagliuca argues that the discussion was therefore dictum and need not be followed.[3] We need not address this argument because, even under Pagliuca's proposed standard, he has not established a reasonable probability that the court's Rule 11 error prevented him from understanding that he had a right to appeal his fine and was giving it up. *See Corso*, 549 F.3d at 929.

"In assessing the likely effect of a Rule 11 error, we are to examine the entire record." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). Several points in the record give us confidence that Pagliuca knew he was giving up his right to appeal his fine.

To begin with, he signed a plea agreement in which he agreed to give up the right to appeal any fine below $300,000, and he did so on the date of his plea hearing. The agreement is not enough on its own to replace a Rule 11 inquiry, s*ee Corso*, 549 F.3d at 930; *Murdock*, 398 F.3d at 498, but there is more in this case. At the plea hearing, the district court ensured that Pagliuca knew that he faced a statutory maximum fine of $250,000. It confirmed that Pagliuca

*United States v. Tanner*, 721 F.3d 1231, 1235-36 (10th Cir. 2013) (per curiam); *cf. United States v. Sura*, 511 F.3d 654, 662 (7th Cir. 2007) (applying functional substitute test as a subset of the *Dominguez Benitez* standard to sentencing appeal).

[3] *Tellado*, too, addressed substantial rights only after determining that there was no plain error. 745 F.3d at 53-55. Pagliuca's argument cannot extend to *Burden*, in which the substantial rights analysis provided the sole basis for decision. 860 F.3d at 52-53. However, *Burden* had an unusual procedural background. First, it dealt with a stipulation resolving two defendants' habeas petitions, rather than a plea agreement in a criminal case proper. *Id.* Second, the defendants claimed that the failure to explain a substantive term of resentencing—rather than failure to explain the appellate waiver itself—voided the appellate waiver in that stipulation. *Id.* at 52.

had read his plea agreement before signing it, that he had discussed "everything in it" with his attorney, and that he fully understood it. App. at 39. Pagliuca's attorney likewise stated under questioning that she believed Pagliuca fully understood the agreement. *Id.* at 39-40. Finally, the court did ask Pagliuca if he understood his appellate waiver, even if the court described the waiver as covering challenges to his "conviction and sentence" rather than referring to specific sentencing elements. *Id.* at 41. These factors, in combination, persuade us that Pagliuca had an adequate substitute for the proper Rule 11 inquiry. Because the district court's Rule 11 error did not affect Pagliuca's substantial rights, Pagliuca's appellate waiver remains valid and bars his appeal.

For the reasons stated herein, the appeal in this case is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk